IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD J. MITCHELL,
        Plaintiff,
    v.
MARK McDONELL,
        Defendant

Case No. 3:06-180-KRG-KAP

## Order, Report and Recommendation

### Order and Recommendation

Pending is defendant's motion to dismiss, docket no. 21. It should be granted in part and denied in part. The following pretrial schedule is ordered:

1. Any motion shall be filed with a memorandum in support and responded to by the opposing party within twenty days thereafter. Discovery motions shall be supported by a letter brief no more than two pages in length and opposed by a letter brief no more than two pages long filed within five days thereafter. Absent order to the contrary, the filing of discovery motions shall not stay discovery;

2. Discovery shall be completed by March 6, 2009;

3. Motions for summary judgment shall be filed on or before March 20, 2009;

4. Pretrial statements shall be filed after any dispositive motions are decided.

### Report

Plaintiff is an inmate formerly at S.C.I. Cresson who alleges that he has diabetic osteomyletis and that he contracted an infection in his right foot that turned out to be methicillin

resistant staphylococcus aureus (MRSA). Plaintiff alleges that in January 2006, when he saw defendant McDonell, a physician's assistant at S.C.I. Cresson, McDonell treated the infection merely by advising plaintiff to soak his foot. Allegedly, despite obvious signs of infections such as changes in skin color, drainage from an open wound, and an odor of decay which plaintiff insisted was present, and despite McDonell's knowledge of plaintiff's medical history, McDonell failed to conduct any examination to support his treatment recommendation because he stated "you cannot smell an[] infection." Allegedly, McDonell refused to provide any further examination or treatment, until plaintiff saw Anton Skerl, M.D., in February 2006. Doctor Skerl took one sniff of plaintiff's foot, diagnosed infection, and had to schedule plaintiff for immediate surgery.

Defendant McDonell moves to dismiss the complaint in its entirety, arguing that plaintiff's allegations are sufficient to state a federal claim. Prison inmates have a constitutional right that prison officials not be deliberately indifferent to their serious medical conditions. See Estelle v. Gamble, 429 U.S. 97, 105 n.10 (1976). There is no doubt about the serious nature of plaintiff's medical needs: the question is whether plaintiff has adequately alleged a culpable state of mind on the part of defendants, because:

... a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement

unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Since a defendant's state of mind, like other facts, can be proved by circumstantial evidence, the plaintiff does not have to allege that a defendant admitted his consciousness of the risk of serious harm in order to allege an adequate claim. In Estelle v. Gamble itself, the Supreme Court accepted as sufficient to state a claim for deliberate indifference allegations that a prison physician threw away an inmate's ear and stitched the stump rather than treat the prisoner after an altercation. 429 U.S. at 104 n.10. See also Williams v. Kort, 223 Fed.Appx. 95, 100-01 (3d Cir.2007)(affirming the grant of summary judgment but observing that allegations that defendant physician's assistants "insisted on courses of treatment they knew were ineffective" were adequate to allege deliberate indifference.) In short, it is sufficient for a plaintiff to allege circumstantial evidence that allows the conclusion that the necessary course of action was so obvious and the actual course of action taken by the defendant was so unresponsive that the defendant must have been aware of and disregarded it. And see Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.2001)(at the summary judgment stage, "subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk.") For

purposes of Rule 12(b)(6), plaintiff has adequately pleaded a claim of deliberate indifference.

Plaintiff cannot recover punitive damages. In any complaint concerning conditions of an inmate's confinement, including medical care, the portion of the Prison Litigation Reform Act codified at 18 U.S.C.§ 3626(a)(1)(A) prohibits the award of any "prospective relief" which is not "necessary to correct a violation" of federal rights. "Prospective relief" is defined in 18 U.S.C.§ 3626(g)(7) to be **all** relief other than compensatory damages. Since by definition punitive damages are not compensatory damages nor damages which "correct a violation" of a plaintiff's rights, but rather are punishment for a defendant's wrongdoing, they are unavailable. I am aware that <u>Woodward v. Correctional Medical Services of Illinois</u>, 368 F.3d 917 (7th Cir.2004), suggests that if a plaintiff proves deliberate indifference the plaintiff should be able to recover punitive damages because the standards are in essence the same, but I believe that court overlooked the effect of the PLRA as well as the more persuasive line of cases represented by <u>Coleman v. Rahija</u>, 114 F.3d 778 (8th Cir.1997), which holds that an award of punitive damages requires a higher showing than simple proof of deliberate indifference to serious medical needs.

The claim of deliberate indifference can proceed. The filing of motions for summary judgment is not optional and both

4

parties are required to provide all the evidence they contends supports their position on the claim of deliberate indifference. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)(discussing power of district court to order summary judgment sua sponte). The claim for punitive damages must be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: December 8, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Ronald J. Mitchell GG-0833
S.C.I. Laurel Highlands
P.O. Box 631
5706 Glades Pike
Somerset, PA 15501-0631